UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHENA BLAND, ON BEHALF OF HERSELF AND ALL THOSE SIMILARLY SITUATED**<br><br>Plaintiff,<br><br>v.<br><br>**ALCO COLLECTIONS, INC.**<br><br>**Defendant.** | Case No.:<br><br>**CIVIL COMPLAINT- CLASS ACTION**<br><br>**AND**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Shena Bland, (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against Alco Collections, Inc. (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a strict liability statute which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the acts and transactions occurred in this jurisdiction and because Defendant transacts business in this jurisdiction.

**PARTIES**

4. Plaintiff, Shena Bland, is a natural person, who at all relevant times has resided in the city of Baton Rouge, East Baton Rouge Parish County, State of Louisiana, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, Alco Collections, Inc, is a debt collection agency that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state with its corporate mailing address as 14635 S. Harrells Ferry Rd, Baton Rouge, LA 70816, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

**FACTS**

6. Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

7. Upon information and belief, on a date better known to Defendant, Prime Properties, XL assigned an alleged consumer debt to Defendant for collection.

8. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9. On or about August 3, 2016, Defendant sent a collection letter to Plaintiff in an attempt to collect the alleged debt. The Collection Letter is attached hereto and made a part hereof as Exhibit A.

10. The Collection Letter is an initial communication from Defendant to Plaintiff regarding the alleged debt.

11. The letter provides in pertinent part:

"UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION

THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF DEBT AND OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WITHIN 30 DAYS OF NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE ORIGINAL CREDITOR."

12. Defendant's collection letter fails to advise that in order for the debt collector to be required to provide verification of the debt in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made by the consumer in writing within the thirty-day period.

13. Defendant's collection letter fails to advise that in order for Defendant to be required to provide the consumer with the name and address of the original creditor, if different from the current creditor, in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made in writing within the thirty-day period.

14. The failures to properly notify the Plaintiff of its statutory rights, requirements, and obligations is a violation of the FDCPA.  As such, Plaintiff has been damaged and is entitled to relief.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ("Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds of persons, if not thousands, of persons have

received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

16. This Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

17. The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons have received debt collection notices/letters/communications from Defendant that violate various provisions of the FDCPA.

18. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

20. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

21. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692(k).

22. The members of the Class have claims that are unlikely to be vindicated in the absence of a class action.

23. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

24. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

25. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. All conditions precedent have been performed, complied with, waived or satisfied before the filing of this Complaint.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g(a)(4)

28. Plaintiff repeats, reiterates and incorporates the prior allegations as if fully set forth herein.

29. Defendant's Collection Letter failed to advise that the debt collector is only obligated to obtain verification of the debt or a copy of the judgment if the consumer notifies the debt

collector of the dispute request in writing.

30.   Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(4) which requires that a collection letter contain a statement that upon written notification from the consumer within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g(a)(5)

31.   Plaintiff repeats, reiterates and incorporates the prior allegations as if fully set forth herein.

32.   Defendant's Collection Letter failed to advise that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, only upon the consumer's written request.

33.   Defendant's Collection Letter is in violation of 15 U.S.C. §1692g(a)(5) which requires a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e(10)

34.   Plaintiff repeats, reiterates and incorporates the prior allegations as if fully set forth herein.

35.   Defendant's Collection Letter is in violation of 15 U.S.C. §1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36.   As a result of the foregoing violations, Plaintiff has been damaged and is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shena Bland demands judgment against Defendant as follows:

    A.    Certifying the class pursuant to Rule 23(b)(3);

    B.    Statutory and/or actual damages for the Plaintiff pursuant to 15 U.S.C. §1692k(a)(1)(2)(A);

    C.    Statutory and/or actual damages for the class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    D.    For attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k(a)(3);

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 12/1/2016

Respectfully Submitted,

s/Marc R. Michaud
*Attorney for Plaintiff*
Marc R. Michaud, Esq.
LA Bar No. 28962, T.A.
Patrick Miller, LLC

400 Poydras Street, Suite 1680
Texaco Center
New Orleans, LA 70130
(P) (504) 527-5400
(E) mmichaud@patrickmillerlaw.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone:      201-461-0059
Facsimile: 201-608-7116

# EXHIBIT A

*ACI*
P.O. BOX 41662
BATON ROUGE, LA 70835

08-03-16

SHENA BLAND
5734 KLIENPETER RD TRL 7
BATON ROUGE LA 70811

RE: PRIME PROPERTIES, XL

STATEMENT

| Account#: ● ● ● | SHENA BLAND | |
|---|---|---|
| Amount Placed | Amount Paid | Balance |
| $800.00 | $0.00 | $800.00 |

YOUR CURRENT BALANCE IS: $ 800.00. PLEASE SEND BALANCE TO:

ALCO COLLECTIONS, INC.
P.O. BOX 41662
BATON ROUGE, LA 70835
(225)751-5660

We may have told a credit bureau about a late payment, missed payment or other default on your Account. This information may be reflected in your credit report.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF DEBT AND OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WITHIN 30 DAYS OF NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE ORIGINAL CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.