**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SHENA BLAND | CIVIL CASE |
| VERSUS | 16-822-SDD-RLB |
| ALCO COLLECTIONS, INC. | |

## **RULING**

This matter is before the Court on the *Application for Entry of Final Judgment of Default*[1] by Plaintiff, Shena Bland ("Bland or Plaintiff")[2] on behalf of herself and all those similarly situated. Defendant, Alco Collections, Inc., ("Defendant") has never appeared in this matter nor filed an *Opposition* to this motion. For the following reasons, the Court finds that Plaintiff's motion should be granted.

**I. BACKGROUND**

On December 6, 2016, Bland filed a *Complaint* naming Alco Collections, Inc. as the Defendant.[3] In her *Complaint*, Plaintiff alleged that, while attempting to collect a debt, Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[4] Defendant was served on December 9, 2016 in accordance with Federal Rule of Civil Procedure 4.[5] Defendant has not filed any responsive pleadings in this proceeding. A preliminary default was entered against the Defendant by the Clerk of Court on February 15, 2017.[6] Plaintiff then filed the current *Application for Entry of Final Judgment*

---

[1] Rec. Doc. 11.
[2] Because this action was never certified as a class, the Court will refer to Plaintiff Bland in the singular.
[3] Rec. Doc. 1.
[4] *Id.* at p. 3.
[5] Rec. Doc. 2; *See also* Rec. Doc. 14 and 14-1.
[6] Rec. Doc. 6.
42665

on May 30, 2017.[7] As of the date of this *Ruling*, Defendant has never appeared in this case.

## II.    LAW AND ANALYSIS

### A.  Default Judgment

The United States Court of Appeals for the Fifth Circuit has outlined a three step process to obtain a default judgment: (1) a defendant's default; (2) a clerk's entry of default; and (3) a plaintiff's application for a default judgment.[8] The service of summons or lawful process triggers the duty to respond to a complaint.[9] A defendant's failure to timely plead or otherwise respond to the complaint triggers a default.[10] Accordingly, Rule 55 provides that the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...."[11]

After the Clerk of Court has found a defendant to be in default, the Court may, upon motion by a plaintiff, enter a default judgment against the defaulting defendant.[12] Default judgments are "generally disfavored in the law" in favor of a trial upon the merits.[13] Indeed, default judgments are considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.... [T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive

---

[7] Rec. Doc. 11.
[8] *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996).
[9] *Fagan v. Lawrence Nathan Assocs.*, 957 F.Supp.2d 784, 795 (E.D.La. 2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir.1999)).
[10] *N.Y. Life Ins. Co.*, 84 F.3d at 141.
[11] Fed.R.Civ.P. 55.
[12] *Id.*
[13] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)).
42665

party.'"[14] Even so, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[15] In accordance with these guidelines, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[16] While "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," the Court retains the obligation to determine whether those facts state a claim upon which relief may be granted.[17]

Courts have developed a two-part analysis to determine whether a default judgment should be entered against a defendant.[18] First, a court must consider whether the entry of default judgment is appropriate under the circumstances.[19] The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.[20] Second, a court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the

---

[14] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970)).
[15] *Rogers,* 167 F.3d at 936 (internal citations omitted).
[16] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996); *see also Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").
[17] *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming the district court's denial of a default judgment because, even if the plaintiffs factual allegations were found to be true, the defendants would not have been liable under the law).
[18] *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 813 (M.D.La. 2014); *United States v. Chauncey*, No. 14–CV–32, 2015 WL 403130, at *1 (M.D.La. Jan. 28, 2015); *see also Fidelity & Guaranty Life Ins. Co. v. Unknown Tr. of Revocable Trust–8407*, No. 13–CV–412–PRM, 2014 WL 2091257, at *2 (W.D.Tex. May 16, 2014) (citing cases).
[19] *See Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir.1998).
[20] *Id.*

42665

judgment.[21]

### B. Entitlement to Default Judgment

First, the Court must determine whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. As reflected by the record, the Defendant has failed to file an *Answer* or a motion under Rule 12 in response to the *Complaint*. As such, there are no material facts in dispute. Second, it is undisputed that Defendant has not responded to any of Plaintiff's or the Court's overtures. Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Plaintiff's] interests."[22] Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by this action's procedural history and the Clerk's entry of default, outlined above. Fourth, as this Defendant has failed to respond at all to the Plaintiff, the Court has no basis to find that the failure to respond was the result of either good faith mistake or excusable neglect. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment.[23] Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by the Defendant. Thus, the Court finds that the six *Lindsey* factors weigh in favor of default.

The Court must also decide if Plaintiff's pleadings provide a sufficient basis for a default judgment against Defendant. Plaintiff brings this action under the FDCPA. Specifically, 15 U.S.C. § 1692g(a) requires debt collectors to send written notice to a

---

[21] *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.
[22] *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D.Tex. Oct. 5, 2011).
[23] *See Taylor*, 39 F.Supp.3d at 814.
42665

consumer, in connection with the collection of any debt, the following information:

>   (1) the amount of the debt;
>
>   (2) the name of the creditor to whom the debt is owed;
>
>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The Court has reviewed the written notice allegedly sent by Defendant attached to Plaintiff's *Complaint* as exhibit A.[24] The Court finds that Plaintiff has established that the notice failed to comply with 15 U.S.C. 1692(a)(4) and (5) in omitting the "in writing" requirement.[25] Based on the applicable law and the evidence submitted in this matter, the Court finds that Plaintiff's motion for default judgment should be granted, and Plaintiff is entitled to the relief sought.

**C. Damages**

Plaintiff contends that under 15 U.S.C. 1692k(a), she is entitled to statutory damages, attorneys' fees, and costs. 15 U.S.C. 1692k(a) provides as follows:

>   Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to

---

[24] Rec. Doc. 1, p. 10.
[25] *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016).
42665

any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

### a. Actual Damage

After reviewing the evidence and Plaintiff's pleadings, the Court finds that Plaintiff is not entitled to an award for actual damages sustained. Neither Plaintiff's *Complaint* nor her *Application for Entry of Final Judgment* specify that Plaintiff sustained any actual damages. Therefore, the Court declines to award any actual damages in favor of Plaintiff.

### b. Statutory Damages

Plaintiff also seeks statutory damages. The FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages.[26] After reviewing the evidence, the Court finds that Plaintiff is entitled to the recovery of statutory damages

---

[26] *See Keele v. Wexler*, 149 F.3d 589, 593–94 (7th Cir.1998), citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997).

42665

in the amount of $1,000.00. Plaintiff has proven two violations of the FDCPA – Defendant failed to include the "in writing" requirement in reference to requesting verification of the debt and the information of the original creditor in accordance with 15 U.S.C. § 1692(a)(4) and (5). The Court finds that an award of $1,000.00 will best serve to deter such acts in the future.

### c. Attorneys' Fees

Plaintiff seeks reasonable attorneys' fees in the amount of $3,805.00. Plaintiff has attached counsel's billing records for this matter in a *Declaration* by Marc R. Michaud ("Michaud"), wherein Michaud declares that he is an attorney admitted to practice in the state of Louisiana, that he is counsel of record for Plaintiff in this matter, and the amounts charged to Plaintiff were for the specific actions taken in pursuit of this claim.[27] The *Declaration* provides an itemized report from Patrick Miller, L.L.C. wherein attorney Michaud worked on the matter and billed 2.7 hours at the rate of $300.00 per hour. The *Declaration* also includes an itemized report from the offices of Michael Lupolover, P.C. wherein the intake department billed .5 hours at the rate of $50.00 per hour, attorney "Chusid" billed 9.4 hours at the rate of $300.00 per hour, and paralegal "Portugal" billed 1.2 hours at the rate of $125.00 per hour. The *Declaration* provides that attorney Michaud has been practicing in the state of Louisiana since April 20, 2004. However, there is no information regarding years of practice by attorney "Chusid" or paralegal "Portugal", either attorney's areas of expertise, any complexities of this case, or any reference to the standard hourly billing rate in the community. Additionally, the *Declaration* provided an

---

[27] Rec. Doc. 11-2 at p. 1.
42665

itemized chart for costs associated with the matter for process server fees in the amount of $125.00 and filing fees in the amount of $400.00 for a total of $525.00.

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[28] The "lodestar" analysis involves a two-step procedure.[29] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[30] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[31]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[32] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[33] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used

---

[28] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994).
[29] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[30] *Id.* at 324.
[31] 488 F.2d 714, 717–19 (5th Cir.1974).
[32] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.
[33] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990).
42665

proper factual criteria in exercising its discretion to fix just compensation."[34]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[35] The party seeking the fee bears the burden of proof on this issue.[36]

The Court begins by determining whether the number of hours claimed by Plaintiff's attorney is reasonable.[37] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[38] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[39] The burden of proving the reasonableness of the hours expended is on the fee applicant.[40]

As stated above, the *Declaration* contains an itemized account of the time spent working on the case with a description of the services rendered by attorney Michaud, attorney Chusid, paralegal Portugal, and the intake department. The documentation

---

[34] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).
[35] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom*, 50 F.3d at 324.
[36] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324.
[37] *Migis*, 135 F.3d at 1047.
[38] M.D. La. LR54(b).
[39] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[40] *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).
42665

itemizes 2.7 hours by attorney Michaud, 9.4 hours by attorney Chusid,[41] 1.2 hours by paralegal Portugal, and .5 hours by the intake department for a total of 13.8 hours. Plaintiffs provide the Court with no guidance or support for an award of attorney fees as to the "intake department." Since there can be no determination whether the service was performed by an attorney or a paralegal, the Court declines to make any award as to this time entry. The Court has reviewed line by line the remainder of the billing statement submitted on behalf of counsel and finds the hours (13.3) expended to be reasonable.

Next, the Court must determine if the hourly rate of $300.00/hour for Michaud and Chusid, and $125.00/hour for Portugal is reasonable given his/her ability, competence, experience, and skill. An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[42] The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[43]

The only information provided to the Court is that attorney Michaud has been licensed to practice in Louisiana since 2004 and admitted to all of the Federal Districts since 2005. Plaintiff does not provide any information as to attorney Chusid or paralegal Portugal regarding their experience, ability, competence, or skill. Additionally, Plaintiff does not provide any information as to whether $300.00/hour is counsel's regular rate or

---

[41] The entry for the date 11/22/16 reflects a time of .9 at the hourly rate of $300 for a fee of $180. Since the total attorney fees of $2,995.00 indicates that $180 is the correct fee, the Court assumes the time of .9 was mistakenly entered in the itemization chart instead of .6. Rec. Doc. 11-2 at p. 3.

[42] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).

[43] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

42665

the prevailing rates in the community for similar work. As the Fifth Circuit has previously determined, "[t]he hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate."[44] Therefore, the Court is unable to determine if the requested hourly rate is reasonable. Accordingly, Plaintiff's request for attorneys' fees is DENIED without prejudice.

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office. Additionally, the Court notes that Plaintiff's itemized billing record accounts for $125.00 for the cost of a process server. That cost will be added to those provided by the Clerk of Court's Office.

---

[44] *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997) (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 & n. 7 (5th Cir.1987)).
42665

## III. CONCLUSION

For the reasons set forth above, Plaintiff's *Application for Entry of Final Judgment by Default*[45] is GRANTED.[46] The motion for attorneys' fees is denied without prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 3, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] Rec. Doc. 11.
[46] As the Plaintiff's claims are fully satisfied by this judgment and there has been no motion to certify the class, Bland no longer holds a personal interest in serving as the representative of the putative class asserted in the petition. Therefore, the class claims must be dismissed without prejudice. See *Malone v. Portfolio Recovery Assoc., LLC*, 308 F.R.D. 518 (W.D. Ky. 2015).
42665